UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARRIN DUHAMEL,<br><br>　　　　　　　Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br><br>　　　　　　　Defendant. | Case No. 2:17-cv-02858-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Extend Time to File Amended Motion for Summary Judgment (ECF No. 48), filed on July 2, 2018. Defendant filed her Non-Opposition (ECF No. 50) on July 5, 2018.

On April 13, 2018, Plaintiff filed his Motion for Summary Judgment. ECF No. 35. On May 24, 2018, Defendant filed her notice of manual filing of the administrative record (ECF No. 44) and on May 29, 2018, Defendant filed her notice of filing of the administrative record. ECF No. 45. The Court provided Plaintiff leave to file an amended motion for summary judgment, which will be considered a motion for reversal and/or remand. On June 27, 2018, Plaintiff filed a withdrawal of his motion for summary judgment. ECF No. 47. Plaintiff requests an extension of time to file his amended motion for summary judgment. The Court finds good cause to grant his request for an extension and grants a 30-day extension of time for Plaintiff to file his amended motion for summary judgment.

**THEREFORE, IT IS ORDERED:**

1. Plaintiff shall file with this Court an amended motion for summary judgment no later than **August 8, 2018**.

2. Whenever Plaintiff files a motion requesting reversal and/or remand, which includes issues based on the administrative record, Plaintiff's motion shall include:

1

(a) A specification of each and every condition or ailment, or combination of the two, that allegedly renders Plaintiff disabled and is allegedly supported by evidence contained in the administrative record.

(b) A complete summary of all medical evidence in the record that supports Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 5(a) above, with precise references to the applicable portions of the record. This summary shall not include medical evidence unrelated to the conditions or ailments upon which Plaintiff's claim or claims of disability are based. It shall be sufficient compliance with this subparagraph if Plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

(c) A complete summary of all other evidence adduced at the administrative hearing that supports Plaintiff's claim with precise references to the applicable portions of the record. It shall be sufficient compliance with this subparagraph if Plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence adduced at the administrative hearing.

(d) A complete but concise statement as to why the record does not contain substantial evidence to support Defendant's claim.

3. If Defendant has not filed a notice of voluntary remand and the issues in question relate to the administrative record, Defendant, within **thirty (30) days** after being served with Plaintiff's amended motion for summary judgment, shall file a cross-motion to affirm which will be considered an opposition to Plaintiff's motion. This motion shall include:

(a) A complete summary of all evidence in the record that Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question. It shall be sufficient compliance with this subparagraph if Defendant stipulates that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

(b) A complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses,

which Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question. It shall be sufficient compliance with this subparagraph if Defendant stipulates that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

    (c) A statement as to whether there are any inaccuracies in the summaries filed by Plaintiff. If Defendant believes Plaintiff's summaries are inaccurate, Defendant shall set forth what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

    4. The motions filed by Plaintiff and Defendant pursuant to paragraphs 2 and 3 of this Order, respectively, shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

    5. Plaintiff shall be deemed to have acceded to the accuracy of the summaries supplied by Defendant in response to subparagraphs 3(a) and 7(b) of this Order unless within **twenty (20) days** after being served with Defendant's motion to affirm Plaintiff shall file and serve a reply brief setting forth:

    (a) In what manner the summaries are inaccurate;

    (b) What additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

    6. The motions filed by both Plaintiff and Defendant shall also contain the following:

    (a) A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.

    (b) A specification of each page in the administrative record that is partially or totally illegible, and a statement whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

7. Oral argument shall be deemed waived and the case shall stand submitted unless argument is ordered by the Court or requested pursuant to Local Rule 78-2, by one of the parties within **ten (10) days** following the filing of the last document required by this Court. It shall be at the Court's discretion whether oral argument is granted.

8. Failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Secretary of Health and Human Services. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File Amended Motion for Summary Judgment (ECF No. 48) is **granted**.

Dated this 9th day of July, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE