**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARRIN DUHAMEL, | ) |
| Plaintiff, | ) Case No.: 2:17-cv-02858-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Pending before the Court is the Amended Report and Recommendation of the Honorable United States Magistrate Judge Elayna J. Youchah, (ECF No. 72), which states, *inter alia*, that Plaintiff Darrin Duhamel's ("Plaintiff") Amended Motion for Summary Judgment, (ECF No. 52), should be denied and that the Commissioner's Cross-Motion to Remand for Further Proceedings, (ECF No. 57), should be granted in part and denied in part.[1]

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized

---

[1] Also pending before the Court is the Report and Recommendation of Judge Youchah, (ECF No. 68). In light of Judge Youchah's Amended Report and Recommendation, (ECF No. 72), the Report and Recommendation, (ECF No. 68), is **REJECTED as moot**.

that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Report and Recommendation, (ECF No. 72), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 68), is **REJECTED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Summary Judgment, (ECF No. 52), is **DENIED** and that the Commissioner's Cross-Motion to Remand for Further Proceedings, (ECF No. 57), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner of Social Security under the Compassionate Allowance program as this case has been pending for more than six years, and time is of the essence.

**IT IS FURTHER ORDERED** that remand is pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that Plaintiff be permitted to submit additional evidence within 60 days of the date of this Order, and, if needed, receive a new hearing within 150 days of the date of this Order, unless Plaintiff is unable to proceed within that timeframe.

**IT IS FURTHER ORDERED** that Plaintiff's testimony be reevaluated given the additional evidence available and to be provided to the ALJ for consideration in determining the credibility of Plaintiff's testimony. The ALJ shall articulate, if appropriate to the ALJ's reevaluation, the specific basis why he continues to discredit Plaintiff's testimony.

**IT IS FURTHER ORDERED** that the ALJ reevaluate the analysis of treating

physicians' opinions and articulate, if appropriate to the ALJ's reevaluation, why he continues to reject the opinions of these treating physicians.

**IT IS FURTHER ORDERED** that the ALJ reevaluate all remaining evidence in light of the new evidence presented to assess Plaintiff's symptoms and limitations.

**IT IS FURTHER ORDERED** that the ALJ take any further action needed to complete the administrative record and to promptly issue a new decision.

**IT IS FURTHER ORDERED** that the ALJ issue a new decision on Plaintiff's application for benefits within 30 days after the record closes at the hearing level.

**IT IS FURTHER ORDERED** that Plaintiff be allowed to return to federal court within 60 days after the ALJ's opinion on remand if the ALJ does not issue a favorable decision. Plaintiff need not wait for Appeals Council review.

**DATED** this 31 day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court